UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SYLVIA SMALLS,<br><br>        Plaintiff,<br><br>vs.<br><br>DORCHESTER SCHOOL DISTRICT 4,<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT** |

## **COMPLAINT**

Comes now, Sylvia Smalls (hereinafter referred to as "Plaintiff") and files this Complaint against Dorchester School District 4 ("DD4" or "Defendant") seeking to recover damages for violations of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000 et seq. ("Title VII"). In support of the Complaint, Plaintiff alleges as follows:

## **THE PARTIES**

1. That the parties hereto and the subject hereof are within the jurisdiction of this Honorable Court.

2. Defendant, Dorchester School District 4 is a public school system within the State of South Carolina. Defendant is a governmental agency organized and existing under the laws of the State of South Carolina. At all times relevant, Defendant was an "employer" of Plaintiff within the meaning of Title VII.

3. At all times relevant to this action, the District was acting by and through its agents, servants, employees, and/or officers to include, but not limited to, those persons and/or individuals named in the Complaint. As such, the District is liable for actions and omissions of said individuals

1

acting in the course and scope of their official duties pursuant to federal law, state law, and common law.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

5. Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

6. Plaintiff timely filed a Charge of Discrimination on or about August 31, 2022 with the Equal Employment Opportunity Commission ("EEOC") for sex discrimination, harassment, hostile work environment and retaliation under Title VII (Charge Number 415-2022-1552). Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC on that charge on September 28, 2023. Thus Plaintiff, has exhausted her administrative remedies under the EEOC.

## STATEMENT OF FACTS

7. The allegations of the preceding paragraphs are hereby incorporated and alleged as if fully set forth herein.

8. Plaintiff was employed by the District between 2009-2013, and was later hired again in 2019. As of the filing of this Complaint, Plaintiff continues to work for the District.

9. At all times relevant to the allegations in this Complaint, Plaintiff's supervisor was the District's Director of Transportation, Paul Cobbs ("Cobbs").

10. At all times relevant, Cobbs was responsible for enforcing the District's sexual harassment prevention policies.

11.     During the course of her employment with the District, Plaintiff has been subject to repeated and unwelcome sexual harassment and conduct from Cobbs.

12.     Cobbs made multiple inappropriate comments and gestures to Plaintiff throughout the course of her employment, including but not limited to the following:

- Comments regarding Plaintiff's breasts;
- Questions to Plaintiff as to what type of underwear Plaintiff was wearing;
- Comments on Plaintiff's physical appearance and body type;
- Comments to Plaintiff on what Cobbs would/could do with her in the bedroom ("I could tear that little ass out the frame cause you're a little woman; why won't you just let me try that one time?");
- "Women love me! If you'd stop saying no, I would show you;" and
- "One day you will give in cause I know that pussy is good and I just want to try it."

13.     Plaintiff indicated to Cobbs on multiple occasions she was uncomfortable with the way he spoke to her (and other females) and asked him repeatedly to stop. At one point, Cobbs responded to Ms. Smalls "you know you like it."

14.     Plaintiff even called the school ahead of time to inquire if Cobbs would be present so she could mentally and emotionally prepare herself for Cobbs' pervasive conduct.

15.     Plaintiff repeatedly directed Cobbs to refrain from making such sexually inappropriate and offensive comments. Despite her multiple requests, Cobbs continued the comments and gestures.

16.     Upon information and belief, many women working under Cobbs were also subject to his harassment and forced to work in a hostile work environment.

17. Plaintiff relayed to Irene Britt ("Britt"), a bus driver for the District who was close to Cobbs, to tell Cobbs to leave her alone. Upon information and belief, Britt relayed the message to Cobbs.

18. Shortly after her complaint to Britt about Cobbs, Plaintiff was subject to retaliation. Cobbs would not let Plaintiff park in the same spot she had parked prior to her complaints. Cobbs also required Plaintiff to ride on buses from the bus-yard to where it picked up students even when there were no students to monitor on those buses, and after Cobbs previously permitted Plaintiff to meet the bus where the students boarded prior to her complaint. Additionally, Plaintiff was provided fewer buses on which to ride, which has drastically reduced her wages.

19. Upon information and belief, both the harassment and retaliation by Cobbs became so unfavorable that Plaintiff addressed these issues in her mental health counseling sessions.

20. Upon information and belief, many women working under Cobbs were also subject to his harassment and forced to work in a hostile work environment.

21. The District was on notice through Cobbs, and yet nothing was done to prevent it.

22. The District knew or should have known of Cobbs' conduct by the complaints made by Plaintiff and her co-workers.

## FIRST CAUSE OF ACTION

**(Discrimination and Harassment Based on Gender in Violation of Title VII, 42 U.S.C. § 2000e, et seq.)**

23. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

24. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's sex (female).

25. Furthermore, Defendant's illegal actions against Plaintiff were aimed at Plaintiff because of her sex, resulting in adverse impacts to the terms and conditions of Plaintiff's employment and further subjecting Plaintiff to harassment and a hostile work environment.

26. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

27. At the time the above-described conduct occurred, and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive.

28. Defendant knew or should have known of the conduct of its employees toward Plaintiff and failed to take prompt, remedial action to stop the conduct.

29. As such, Defendant violated 42 U.S.C. §2000(e)-2(a) and discriminated against Plaintiff by not only subjecting her to sufficiently severe or pervasive harassment based on female gender stereotypes so as to alter the conditions and terms of Plaintiff's employment, but also: failing to act and condoning or tolerating such harassment, subjecting Plaintiff to less favorable terms and conditions of employment by imposing heightened and/or disproportionate discipline on Plaintiff, and ultimately terminating Plaintiff's employment.

30. In unlawfully discriminating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

31. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and she is entitled to general

and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CAUSE OF ACTION

### Violation of Title VII –Retaliation Based on Sex

32. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

33. By the above-described acts, Plaintiff engaged in activity protected by Title VII on multiple occasions by reporting and rejecting sexual harassment and a hostile work environment to both her direct supervisor and co-worker.

34. By the above-described acts, practices and omissions, Defendant engaged in unlawful retaliation against Plaintiff in violation of Title VII, 42 U.S.C. 2000e-3(a) when changing Plaintiff's working conditions in response to her protesting and complaining of the harassment.

35. In unlawfully retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

36. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and she is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

**WHEREFORE,** Plaintiff Sylvia Smalls prays for judgement against Defendant Dorchester County District 4 in a just and equitable sum of actual, compensatory and punitive damages, for the

costs of this action including attorney's fees, and for such other and further relief as this Court may deem just and proper.

                                          BRETT M. EHMAN
                                          Attorney at Law

December 21, 2023                 /s/ Brett M. Ehman_____
                                          Brett M. Ehman
                                          Fed. Id. No. 12844
                                          S.C. Bar No.: 102443
                                          2971 West Montague Avenue
                                          Suite 203
                                          North Charleston, SC  29418
                                          (843) 225-3607
                                          brett@ehmanlaw.com